UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| SYLVESTER SANFORD TATUM, | Case No. 2:14-cv-01280-JCM-GWF |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| D.W. NEVEN, et al., | |
| Defendants. | |

This *pro se* habeas matter under 28 U.S.C. § 2254 comes before the court on respondents' motion to dismiss petitioner Sylvester Sanford Tatum's petition (ECF No. 10). Tatum opposed (ECF No. 19), and respondents replied. (ECF No. 20.)

**I.     Procedural History and Background**

On October 28, 2010, a jury convicted Tatum of one count of trafficking in a controlled substance and one count of possession of a controlled substance. (ECF No. 10, Exh. 46.)[1] The state district court sentenced Tatum to ten to twenty-five years for the trafficking count and twelve to thirty-two months for the possession count, to run concurrently. *Id*. Judgment of conviction was filed on November 1, 2010. *Id*.[2]

The Nevada Supreme Court affirmed the conviction on October 5, 2011, and remittitur issued on November 1, 2011. (ECF No. 10, Exhs. 65, 67, 68.) The Nevada Supreme Court affirmed the state district court's denial of Tatum's first state postconviction petition on June 12, 2014, and remittitur issued on July 9, 2014. (Exhs.

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 10, and are found at ECF Nos. 11-17.

[2] An amended judgment of conviction entered on August 15, 2012, corrected a clerical error to reflect that Tatum was convicted pursuant to a jury trial and not a guilty plea. Exh. 83.

77, 108, 124, 135, 136.) The state district court denied Tatum's second postconviction petition and the Nevada Court of Appeals affirmed the denial on February 24, 2015. (ECF No. 10, Exhs. 132, 147, 160.)

Tatum failed to indicate the date he dispatched his federal petition for mailing, but he signed the petition on July 31, 2014. (ECF No. 7.) Respondents now argue that several grounds are subject to dismissal as unexhausted or noncognizable in federal habeas corpus. (ECF No. 10.)

## II. Legal Standards & Analysis

In his federal petition, Tatum sets forth nine grounds with numerous subparts (ECF No. 7.) The court shall refer to the grounds as numbered by respondents in their motion to dismiss. However, the court shall refer to the pages of Tatum's petition by the ECF pagination that appears at the top of each page on the electronic docket.

### A. Fourth Amendment Claims

Independent, substantive Fourth Amendment claims are generally barred from federal habeas review. In *Stone v. Powell*, the United States Supreme Court held that allegations of violations of a petitioner's Fourth Amendment rights are not cognizable in federal habeas corpus actions provided that the petitioner has a "full and fair" opportunity to litigate these claims in state court. *Stone v. Powell*, 428 U.S. 465, 481 (1976); *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). To be eligible for habeas relief on Fourth Amendment claims, a petitioner must demonstrate that the state court has not afforded him a full and fair hearing on those claims. *Stone*, 428 U.S. at 494 n.37.

Respondents move to dismiss the following grounds as barred by *Stone*. (ECF No. 10 at 15-16.) In ground 1(a), Tatum asserts that the police stopped his car in violation of the Fourth Amendment (ECF No. 7 at 3-5); in ground 1(c) he argues that a telephonic search warrant was invalid and did not give officers authority to search and dig up the backyard of a residence. (*Id*. at 8.) As ground 2(a) Tatum contends that the pretextual

stop of his car violated the Fourth Amendment (*Id*. at 10-15), and in ground 4 he claims he was arrested without a warrant and without probable cause. (*Id*. at 28-31.) Finally, ground 9(a) alleges that the search and seizure conducted during the traffic stop stemmed from racial profiling and not a traffic violation, and ground 9(b) alleges that officers lacked consent to conduct the warrantless search of the home at 2727 East Gowan in violation of the Fourth Amendment. (*Id*. at 47-56.)

The court agrees with respondents that *Stone* forecloses federal review of Tatum's Fourth Amendment claims. Tatum never alleges that he did not have a full and fair opportunity to litigate these claims. (S*ee* ECF Nos. 7, 19.) Accordingly, grounds 1(a), 1(c), 2(a), 4, and 9 are dismissed as barred from federal habeas review pursuant to *Stone v. Powell*.

**B. Claims Cognizable in Federal Habeas Corpus**

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A petitioner may not transform a state-law issue into a federal one merely by asserting a violation of due process. *Langford v. Day*, 110 F.3d 1380, 1381 (9th Cir. 1996). Alleged errors in the interpretation or application of state law do not warrant habeas relief. *Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004).

Respondents argue that ground 1(b) should be dismissed as noncognizable. (ECF No. 10 at 4). Tatum contends that the state district court allowed evidence of uncharged crimes at trial. (ECF No. 7 at 6-7.) Tatum sets forth no constitutional allegations here. Generally, a challenge to a state evidentiary ruling does not involve a deprivation of a federal constitutional right, and therefore, is not cognizable in a federal habeas petition. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (a federal writ is

3

not available for alleged error in the interpretation or application of state law); *Rhoades v. Henry*, 638 1027, 1034, n.5 (9th Cir. 2011) ("[E]videntiary rulings based on state law cannot form an independent basis for habeas relief."); *Butcher v. Marquez*, 758 F.2d 373, 378 (9th Cir. 1985); *Gutierrez v. Griggs*, 695 F.2d 1195, 1197 (9th Cir. 1983). This court agrees with respondents; ground 1(b) is dismissed as noncognizable in a federal habeas proceeding.

Respondents also argue that ground 8 should be dismissed as noncognizable. (ECF No. 10 at. 6.) Tatum asserts in ground 8 that the prosecutor was under the influence of crack cocaine during Tatum's criminal proceedings. (ECF No. 7 at 37-38.) On the face of the petition, Tatum acknowledges that there is no evidence that the prosecutor was under the influence of crack cocaine. He also states that there is no authority for his argument other than that a prosecutor is ethically bound by ethics and bar rules. *Id*. Ground 8 fails to state a claim of violation of a federal constitutional right and is dismissed accordingly.

**C. Exhaustion**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal

constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

**Ground 2(b)**

In what respondents have labeled ground 2(b), Tatum contends that his counsel's refusal to turn over court documents and transcripts prevented him from filing his federal

5

habeas petition. (ECF No. 7, p. 19.) Respondents argue that this ground is unexhausted. (ECF No. 10, pp. 7-8.) However, these allegations—leaving aside that they appear to be belied by the fact that Tatum *has* filed a federal petition—do not state a claim cognizable in federal habeas corpus. 28 U.S.C. § 2254(a) (a district court shall consider a habeas petition on the ground that a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States"). Ground 2(b) is dismissed as noncognizable in federal habeas corpus.

**Ground 2(A)**

In ground 2A Tatum contends that his counsel provided ineffective assistance because (a) trial counsel failed to object to the state's failure to provide him with *Marcum* notice, (b) trial counsel was unprepared for suppression hearings, (c) trial counsel failed to object to the admission of uncharged misconduct, (d) trial counsel failed to request a *Petrocelli* hearing, (e) trial counsel failed to request additional jury instructions, (f) appellate counsel failed to argue that constructive possession was not proven beyond a reasonable doubt, (g) appellate counsel failed to contact Tatum during the appeals process, (h) appellate counsel failed to include the complete record on appeal, and (i) appellate counsel failed to turn over materials he needed to pursue his state petition for a writ of habeas corpus. (ECF No. 7 at 20-24.) Tatum did not present any of these sub-parts to the Nevada Supreme Court. *(See* ECF No. 7, Exhs. 65, 124, 132.) Therefore, federal ground 2A is unexhausted.

**Ground 3**

Tatum alleges that his Fifth, Sixth and Fourteenth Amendment rights were violated when the State failed to provide him notice of intent to seek grand jury indictment pursuant to *Sheriff v. Marcum*, 783 P.2d 1389, 1390 (Nev. 1989) (ECF No. 7 at 27). Respondents are correct that Tatum did not present this claim to the Nevada Supreme Court in his direct appeal, or on appeal of his first or second state postconviction

6

petitions. (*See* ECF No. 7, Exhs. 65, 124, 132.) Accordingly, federal ground 3 is unexhausted.

**Ground 6**

Tatum contends that the State presented insufficient evidence of constructive possession of contraband. (ECF No. 7 at 32-34.) Tatum did not present this claim to the Nevada Supreme Court in his direct appeal, or in his appeals of his first or second state postconviction petitions. (*See* ECF No. 7, Exhs. 65, 124, 132.) This court concludes that federal ground 6 is unexhausted.

**Ground 7**

Tatum argues that the jury instructions were inadequate in violation of his Fifth, Sixth and Fourteenth Amendment rights. (ECF No. 7 at 35-36.) This ground was not presented to the Nevada Supreme Court. (*See* ECF No. 7, Exhs. 65, 124, 132.) Accordingly, ground 7 is unexhausted.

**Grounds 3A and 3B**

Respondents argue that grounds 3A and 3B are unexhausted. (ECF No. 10 at 8.) Tatum asserts in ground 3A that the cumulative effect of the ineffective assistance of counsel claims set forth in grounds 1A-1C violated his Sixth Amendment rights. (ECF No. 7 at 43). However, no grounds in his petition are labeled "1A-1C", and grounds 1(a)-1(c) are not ineffective assistance of counsel claims. Accordingly, ground 3A is subject to dismissal for failure to state a claim for which relief may be granted.

In ground 3B, Tatum contends that the cumulative effect of the ineffective assistance of counsel claims set forth in grounds 2A and 2B violated his Fifth, Sixth, and Fourteenth Amendment rights. This ground would be unexhausted in any event, because ground 2A is unexhausted.

Moreover, this court concludes that a separate cumulative error claim for ineffective assistance of counsel is either duplicative of the underlying ineffective assistance claims or noncognizable. In *Strickland v. Washington*, the Supreme Court held that a petitioner

7

claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. 466 U.S. 668, 687 (1984). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000). To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. Thus, the nature of the *Strickland* standard itself assesses the cumulative effect of an attorney's serious errors. Therefore, grounds 3A and 3B are dismissed.

**Ground 5**

Finally, ground 5 is dismissed as duplicative of ground 1(b) and 2A.

I. **Petitioner's Options Regarding Unexhausted Claims**

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id*. In the instant case, the court finds that (a) grounds 1(a), 1(c), 2(a), 4, and 9 are barred from federal review and therefore dismissed; (b) grounds 1(b), 2(b), 3A, 3B, 5, and 8 are dismissed as either duplicative or noncognizable in federal habeas; and (c) grounds 2A, 3, 6 and 7 are unexhausted. Because the court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

    1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claim;

    2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

        3.     He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf*. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

Accordingly, if petitioner files a motion for stay and abeyance, he would be required to show good cause for his failure to exhaust his unexhausted claims in state court and to present argument regarding the question whether or not his unexhausted claims are plainly meritless. Respondent would then be granted an opportunity to respond and petitioner to reply.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

## II. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 10) is **GRANTED in part** as follows:

The following grounds are **DISMISSED** as set forth in this order: grounds 1(a), 1(b), 1(c), 2(a), 2(b), 3A, 3B, 4, 5, 8, and 9.

The following grounds are **UNEXHAUSTED**: grounds 2A, 3, 6, and 7.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief.[3] The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED: February 1, 2016.

_____
UNITED STATES DISTRICT JUDGE

---

[3] If Tatum files a declaration abandoning unexhausted claims, the ground remaining before the court would be: ground 2(B) -- that (a) trial counsel was ineffective for failing to relay a guilty plea offer to him; and (b) appellate counsel was ineffective for failing to raise this instance of trial counsel's ineffectiveness on appeal (ECF No. 7, pp. 39-42).